59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Wayne GEORGE, Defendant-Appellant.
 No. 94-30260.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1995.
Decided June 23, 1995.
 
 Before: TANG, CANBY, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The police conducted five searches of Jerry Wayne George's residence and rented storage lockers, recovering extensive evidence that the defendant was involved in the manufacture of methamphetamine. He was subsequently indicted on one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. Sec. 841(a) and (b)(1)(A)(viii); two counts of manufacturing methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1), (b)(1)(A)(viii); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). After George's motion to suppress the evidence obtained through the searches was denied, he entered guilty pleas to each count and was sentenced to 360 months of incarceration followed by a five-year term of supervised release. On appeal, George contests the district court's denial of his motion to suppress, its calculation of his base offense level, and its decision to increase his offense level by two points for being a manager or supervisor. We affirm.
 
 
 3
 The district court did not err in denying George's motion to suppress the evidence seized during the searches. The search of 27646 Royal Avenue on June 29, 1993 was based upon the tips of two known, reliable informants who provided specific, detailed information about George's manufacturing activities. Their tips corroborated each other, and the police independently confirmed some of the information provided by the two tipsters. The search thus was clearly supported by probable cause. See, e.g., United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir. 1991); United States v. Yarbrough, 852 F.2d 1522, 1533 (9th Cir.), cert. denied, 488 U.S. 866 (1988); United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir. 1986).
 
 
 4
 The warrantless September 7, 1993 sweep of the same residence was based upon the report of two citizen informants that George had been manufacturing methamphetamine and that he was dismantling the laboratory that evening. Their report was subsequently corroborated by a person with whom the police spoke immediately after he had exited the residence. He confirmed that he and George were in the process of dismantling the methamphetamine lab; moreover, he smelled of methamphetamine, thus confirming his recent involvement with the product. The police unquestionably had probable cause to conduct a sweep. Further, a sweep was justified by exigent circumstances; the lab was being dismantled, and evidence of the illicit activities might be destroyed. See Hopkins v. City of Sierra Vista, 931 F.2d 524, 527 (9th Cir. 1991); United States v. Echegoyen, 799 F.2d 1271, 1278 (9th Cir. 1986); United States v. McConney, 728 F.2d 1195, 1199 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 5
 The September 8, 1993 search of the residence was issued pursuant to the observations of police officers during the September 7 sweep; because police officers are presumptively reliable, their report that George was engaged in the manufacture of methamphetamine met the requirements of probable cause. See Angulo-Lopez, 791 F.2d at 1478. Finally, the searches of the two lockers rented by the defendant were based upon the affidavits of an experienced police officer stating that it was a common practice for methamphetamine manufacturers to store chemicals, equipment, and other evidence in storage lockers. In light of the deference we accord to police officers' opinions as to where evidence of drug activity may be located, we conclude that these two searches were also supported by probable cause. See Ayers, 924 F.2d at 1479; United States v. Cardona, 769 F.2d 625, 630 (9th Cir. 1985).
 
 
 6
 We also affirm the district court's calculation of the defendant's base offense level. The district court did not clearly err in determining how much methamphetamine George was capable of producing. An expert witness testified that there was enough benzaldehyde found at the scene to produce 60 kilograms of methamphetamine. Although the other chemicals present at the time of the search could only be used to manufacture a small amount of methamphetamine, there was adequate evidence in the record for the sentencing judge to conclude that George intended to procure or was capable of obtaining enough other chemicals to produce at least ten to thirty kilograms of methamphetamine. U.S. v. Williams, 989 F.2d 1061, 1072 (9th Cir. 1993); United States v. Bertrand, 926 F.2d 838, 846 (9th Cir. 1991). We also conclude that the district court did not clearly err in aggregating the amount of chemicals seized on two different occasions, for purposes of calculating the defendant's base offense level. United States v. Lillard, 929 F.2d 500, 504 (9th Cir. 1991).
 
 
 7
 Finally, the district court did not err in adding two points to George's offense level for being a manager or supervisor under U.S.S.G. Sec. 3B1.1(c); there was adequate evidence in the record that George recruited and supervised several other members of the conspiracy and exercised management responsibility over its assets. See U.S.S.G. 3B1.1 app. n.4.
 
 
 8
 Accordingly, the decision of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3